[Civ. No. 65429. Second Dist., Div. Four. Mar. 25, 1983.]

HARRY R. HALDEMAN et al., Plaintiffs and Appellants, v.
FRANCHISE TAX BOARD, Defendant and Respondent.

**COUNSEL**

Susan W. Haldeman for Plaintiffs and Appellants.

George Deukmejian and John K. Van de Kamp, Attorneys General, Edmond B. Mamer and Richard E. Nielsen, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

McCLOSKY, J.—

STATEMENT OF CASE

Appellants Harry R. Haldeman and Joanne H. Haldeman filed a "Complaint for Refund of Personal Income Taxes" for the years 1974, 1975 and 1976 against the Franchise Tax Board (hereafter Board). In a court trial on stipulated facts, the court gave judgment against appellants and in favor of respondent Board. Appellants filed a timely notice of appeal.

STATEMENT OF FACTS

The operative stipulated facts on which the case was tried may be summarized as follows:

The Haldemans became residents of California on approximately June 30, 1973. At all relevant times prior to that date, Mr. Haldeman was employed as Chief of Staff for the White House and the Haldemans lived in the State of Maryland.

The Haldemans remained residents of California for the balance of 1973 and during the years 1974, 1975 and 1976. During 1974, 1975 and 1976, Mr. Haldeman earned a total of $106,200 for writing and making television appearances relating to his knowledge and personal involvement as White House Chief of Staff, including his knowledge of the so-called Watergate matters.[1] All of that income was subject to California tax and the Haldemans reported it as such. They deducted as ordinary and necessary expenses, however, the attorneys' fees and other defense costs totalling $124,942, which Mr. Haldeman incurred and paid in the years 1974, 1975 and 1976 for legal fees and other defense costs arising from Mr. Haldeman's personal involvement as White House Chief of Staff with the Watergate trials, Senate Watergate hearings, and related topics. The tax effect of the deductions in 1974, 1975, and 1976 is as follows: 1974—$3,896.48; 1975—$8,553.93; and 1976—$55.46. The Haldemans have not deducted these legal fees on any other state tax return.

The parties stipulated that if the court determined that the deductions should be allowed, the Haldemans are entitled to a refund of those amounts, plus interest.

---

[1]This $106,200 was earned as follows: $15,000 was received by Mr. Haldeman in 1974, $85,000 was received by him in 1975 from Columbia Broadcasting System for a personal interview conducted over a two-day period at the Haldeman home in California and $6,200 was received by him in 1976 for a newspaper syndicated column written in California.

## APPELLANTS' CONTENTIONS

Appellants contend: (1) Because the legal fees arose out of Mr. Haldeman's business activities and his efforts to produce income, they are deductible expenses; (2) Revenue and Taxation Code section 17285[2] does not operate to bar the deductibility of the legal fees: (A) The legal fees are allocable to income which was taxed by the State of California; (B) Regardless of how the legal fees are allocated, the Haldemans' income was not a "class of income wholly exempt from" California taxation.

Respondent Board contends that (1) the legal expenses incurred by Haldeman were not deductible from his 1974, 1975 and 1976 California income, because the expenses were related to income which was earned prior to becoming a California resident and which income was not subject to California taxation; (2) appellants' cause of action for the taxable year 1974 is barred by Revenue and Taxation Code section 19083 because their action was filed more than four years from the date appellants filed their 1974 return; and (3) the Board's administrative decision that the legal fees were not deductible should be given great weight and this court should not depart from such construction unless it is clearly erroneous.

## DISCUSSION

### I

California Revenue and Taxation Code section 17202, subdivision (a) provides in pertinent part: "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, . . ."

■ Appellants urge that "[t]he legal fees paid by the Haldemans were paid for representation of Mr. Haldeman as a result of his involvement in the so-called 'Watergate' matters" and, "[t]he employment of attorneys to represent Mr. Haldeman against serious criminal charges arising out of his business activities was ordinary in that it was the response which would be expected. *Welch* v. *Helvering, supra,* [290 U.S. 111 (78 L.Ed. 212, 54 S.Ct. 8) (1933)]."

---

[2]In pertinent part section 17285 provides: "No deduction shall be allowed for—"(a) Any amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest (whether or not any amount of income of that class or classes is received or accrued) wholly exempt from the taxes imposed by this part, or any amount otherwise allowable under Section 17252 (relating to expenses for production of income) which is allocable to interest (whether or not any amount of such interest is received or accrued) wholly exempt from the taxes imposed by this part."

During the period Mr. Haldeman was the Chief of Staff to former President Nixon, he was a salaried employee of the federal government and a resident of the State of Maryland and possibly the District of Columbia, not California. As a nonresident of California, the income he earned from his federal employment during that period was not taxable by California.

During 1974, 1975 and 1976 his "trade or business" was as a self-employed television interviewee and column writer. The legal expenses he incurred and paid during 1974, 1975 and 1976 arose out of his appearance at the Watergate hearings and for his defense at his criminal trial which arose out of the so-called Watergate matter, not out of his trade or business as a television interviewee or newspaper column writer. (See *Commissioner* v. *Tellier* (1966) 383 U.S. 687, 689 [16 L.Ed.2d 185, 86 S.Ct. 1118].)

We adopt, as our own, the following language of the able trial judge in his "Notice of Intended Decision":

"Returning to the pivotal issue, as this court views it: to say that Mr. Haldeman was in the same trade or business as Presidential Chief of Staff as he was when he earned income from television appearances and newspaper syndication after his resignation as Chief of Staff during Watergate stretches reality. The only connection with the two activities is that the role as a government employee and the notoriety arising out of the position made it possible for him to later receive the income in California. The attorney fees paid, however, have no connection with his work on television or in newspapers. They all arose out of his activity as Chief of Staff. His income as Chief of Staff was not taxable by California, and expenses incurred by him in later years arising out of such employment are not deductible."

## II

■ Appellants' contention that they may properly deduct these legal fees as an expense incurred in production of income pursuant to the provisions of Revenue and Taxation Code section 17252[3] is also without merit. To urge that these legal fees were incurred in the production of Mr. Haldeman's income from his television interviews and newspaper column writing in 1974, 1975 and 1976 is to extend argument beyond reason. We again quote and adopt as our own the following language of the trial judge in his "Notice of Intended Decision":

---

[3]Revenue and Taxation Code section 17252 provides in pertinent part: "In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year—

"(a) For the production or collection of income;

". . . . . . . . . . . . . . . . . . . . ."

"It is urged that the expenses were incurred in the production of income. That pushes the 'notoriety' factor based on the former Chief of Staff position beyond reason. Mr. Haldeman would have been in the same position in the production of 1974, 1975, and 1976 [income] whether he paid his Watergate fees and expenses or not. What made the income possible was the former position and all of the events flowing from it—not the payment of [legal] fees."

It is thus obvious to us that the legal fees paid were not incurred or paid for, or allocable to the income which was taxed by this state and were, therefore, not properly deductible.

### III

In view of our foregoing holding, we need not, and do not, discuss the other contentions of appellants and respondent.

The judgment is affirmed.

Kingsley, Acting P. J., and Wisot, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.